**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

JASON MISSAK,

     Plaintiff,

     v.

EAGLE MARKET MAKERS, INC., and
RONALD T. MANASTER,

     Defendant.

No. 14 C 1757
Judge James B. Zagel

## MEMORANDUM OPINION AND ORDER

Plaintiff Jason Missak has brought this action against Eagle Market Makers, Inc.,

("Eagle") and Ronald T. Manaster for violations of the Illinois Human Rights Act, 775 ILCS

5/1-101 *et seq.* ("IHRA"), and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et*

*seq.* ("Title VII"), and for common law battery.  Defendants have moved for partial dismissal for

lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and for

failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil

Procedure 12(b)(6).  For the following reasons, Defendants' motion is granted.

## BACKGROUND

Plaintiff alleges that he is a former employee of Defendant Eagle, a futures trading firm

in Chicago, Illinois.  Defendant Manaster is the Chairman and sole shareholder of Eagle.  In

2004, Eagle hired Plaintiff as a runner.  During his periods of employment with Eagle from 2004

to 2006, Plaintiff claims that Manaster sexually harassed him.  This harassment occurred not

only in the office environment, but also at Manaster's private residence where Plaintiff

performed housekeeping services. When performed on a weekend, Manaster provided extra compensation to Plaintiff beyond his regular Eagle wages.

On August 16, 2006, Plaintiff filed a Charge of Discrimination with the Illinois Department of Human Rights ("IDHR") against Eagle, alleging sexual harassment. A corresponding charge was filed with the United States Equal Employment Opportunity Commission ("EEOC") on the same day. The IDHR issued a finding of substantial evidence on May 5, 2008, and accordingly, filed a complaint with the Illinois Human Rights Commission ("IHRC") against Eagle on July 18, 2008. In 2013, Plaintiff moved to withdraw his claim before the IHRC, opting instead to seek a right to sue letter from the EEOC. After the EEOC issued the letter on November 6, 2013, Plaintiff filed the instant claims in the Circuit Court of Cook County, Illinois, on February 3, 2014. Defendants moved to remove the case to federal court on March 13, 2014, and now move to dismiss all counts, except for Count II as to Eagle, for failure to state a claim and for lack of subject-matter jurisdiction.

## DISCUSSION

### I. Count I against Eagle and Manaster under the Illinois Human Rights Act

Defendants move to dismiss Count I pursuant to Rule 12(b)(1) for lack of subject-matter jurisdiction. Ensuring the existence of subject-matter jurisdiction is the court's first duty in every lawsuit. *McCready v. White*, 417 F.3d 700, 702 (7th Cir. 2005). In considering this motion, I must accept Plaintiff's well-pled factual allegations as true and draw reasonable inferences from those allegations in Plaintiff's favor. *St. John's United Church of Christ v. City of Chicago*, 502 F.3d 616, 625 (7th Cir. 2007).

Count I alleges sexual harassment by Defendants under the IHRA. Defendants move to dismiss Count I because a judicial remedy is not available. Courts do not have jurisdiction over

IHRA claims filed prior to January 1, 2008, unless administrative remedies have been exhausted before the IHRC, including the issuance of a final order.[1]  *See* 775 ILL. COMP. STAT. ANN. 5/8-111(A) and (C) (West 2006).  *See also Mein v. Masonite Corp.*, 109 Ill.2d 1 (1985); *Mendez v. Pizza Hut of Am., Inc.*, No. 02 C 1819, 2002 WL 31236088, at *3 (N.D. Ill. Oct. 3, 2002); *Jablonski v. Charles Levy Circulating Co.*, 888 F. Supp. 84, 86 (N.D. Ill. 1995).

Plaintiff filed his charges with the IDHR in 2006.  The IDHR issued its finding of substantial evidence and filed a complaint to the IHRC on behalf of Plaintiff, but he subsequently moved to withdraw the complaint and the IHRC granted that motion without reaching a decision on the merits.  Since Plaintiff did not exhaust his administrative remedies before the IHRC, I do not have jurisdiction over this matter, and Count I is dismissed.

## II.    Count II as to Manaster under Title VII

Defendant Manaster moves to dismiss Count II under Rule 12(b)(6).  When considering a motion to dismiss for failure to state a claim, the court treats all well-pled allegations as true, and draws all reasonable inferences in the plaintiff's favor.  *Justice v. Town of Cicero*, 577 F.3d 768, 771 (7th Cir. 2009).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A claim has facial plausibility

---

[1] It is true that Public Act 95-243 amended the IHRA to provide the option for an aggrieved party to bring a claim in court or to pursue its claim before the IHRC.  2007 Ill. Legis. Serv. P.A. 95-243 (H.B. 1509) (West).  *See also* 775 ILL. COMP. STAT. ANN. 5/7A-102(D) (West 2012).  Nonetheless, changes made by Public Act 95-243 apply to charges filed on or after January 1, 2008.  775 ILL. COMP. STAT. ANN. 5/7A-102(J) (West 2012).

when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*

Defendant Manaster moves to dismiss as to the Title VII claim, stating that he is not an "employer" under the statute. *See* 42 U.S.C.A. § 2000e(b) (West 2014). The Seventh Circuit and courts in this district have repeatedly held that there is generally no individual liability under Title VII. *See EEOC v. AIC Sec. Investigations, Ltd.*, 55 F.3d 1276, 1279-82 (7th Cir. 1995) (holding that the owner of a company is not individually liable because Congress never intended for individual liability under the Americans with Disabilities Act, which has the same definition of employer as Title VII); *Williams v. Banning*, 72 F.3d 552, 553-55 (7th Cir. 1995) (holding that a supervisor in an individual capacity is not an employer under Title VII); *Al Naser v. Creative Designs Mgmt. Co.*, No. 12 C 1997, 2012 WL 3779067, at *5-6 (N.D. Ill. Aug. 30, 2012) ("the fact that [the individual] Defendant . . . is an alleged owner of the Defendant corporations does not make him liable as an employer under Title VII"); *Sullivan v. Presstronics Inc.*, No. 96 C 7436, 1997 WL 327126, at *1 (N.D. Ill. Jun. 11, 1997) (rejecting a proposed exception to the rule against individual liability for officers and owners of "small closely held corporations"); *but see Kennedy v. Fritsch*, No. 90 C 5446, 1993 WL 761979, *5-6 (N.D. Ill. Mar. 1, 1993) (ruling that a restaurant president and supervisor who was in a position "responsible for personnel decisions and could exercise control over the plaintiffs' working environment" could be named as an individual defendant under Title VII).

Nonetheless, Plaintiff seeks to classify Manaster as an employer under Title VII by applying a corporate veil-piercing theory. In Illinois, to make an individual shareholder liable as the alter ego of the corporate entity, a plaintiff must show not only a unity of interest and ownership between the shareholder and the company, but also circumstances "such that

adherence to the fiction of separate corporate existence would sanction a fraud or promote injustice." *Van Dorn Co. v. Future Chemical and Oil Corp.*, 753 F.2d 565, 569-70 (7th Cir. 1985). A promotion of injustice requires "something more than the mere prospect of an unsatisfied judgment." *Hystro Products, Inc. v. MNP Corp*, 18 F.3d 1384, 1390 (7th Cir. 1994). In the Title VII context, however, the Seventh Circuit has held that individual shareholder alter ego liability is inappropriate, even where the individual defendant was the "main decisionmaker and controlling shareholder," and the corporate entity was experiencing financial difficulties. *Worth v. Tyer*, 276 F.3d 249, 262 (7th Cir. 2001).

In his response to this motion, Plaintiff alleges that Eagle may have lost a significant amount of money due to the alleged criminal act of a former employee.[2] Thus, with the potential for an unsatisfied judgment, Plaintiff wants his "something more" to be what would be Manaster's unjust enrichment from Plaintiff's uncompensated housekeeping services. Even if I were to entertain this theory, however, the complaint states that Plaintiff was compensated directly for the housekeeping services performed on the weekends, and was compensated through his Eagle earnings for the housekeeping services performed during the workday. Compl. ¶ 17.

At best, the Seventh Circuit has a dim view of individual shareholder alter ego liability in the Title VII context. *See Worth*, 276 F.3d at 262. That aside, the facts alleged in the complaint do not adequately support application of the theory here in any event. With no other basis to depart from the general rule against individual liability under Title VII, Count II as to Manaster is also dismissed.[3]

---

[2] I note that this fact was not properly set forth in the complaint, nor alluded to in any exhibits.
[3] While I would dismiss Count II as to Manaster since he is not an "employer" under Title VII, I would not dismiss based on Defendants' alternative ground, which is that Plaintiff never perfected or exhausted a claim against Manaster under Title VII—specifically, that Plaintiff never named Manaster in any EEOC charge. Generally,

**III.     Count III as to Eagle and Manaster for common law battery**

In Count III, Plaintiff alleges common law battery against both Eagle and Manaster. Defendants moved to dismiss because the claim is barred by the applicable statute of limitations. In Illinois, a claim for personal injuries sustained from a battery must be brought within two years from the accrual of the action. 735 ILL. COMP. STAT. ANN. 5/13-202 (West 2014). As the alleged battery took place on or before March 2, 2006, at the latest, and this action was brought before the Circuit Court of Cook County on February 2, 2014, Plaintiff's battery claim is barred by the applicable statute of limitations.

## CONCLUSION

For the foregoing reasons, Defendants' motion is granted. Count II as to individual defendant Manaster, as well as Counts I and III are dismissed.

ENTER:

James B. Zagel
United States District Judge

DATE: June 10, 2014

---

Plaintiff may not bring a claim in court against a party not named in the EEOC proceeding. *See Schnellbaecher v. Baskin Clothing Co.*, 887 F.2d 124, 126 (7th Cir. 1989). The exception, however, is when the unnamed party in the EEOC proceeding received adequate notice and an opportunity to participate in conciliation. *See Eggleston v. Chicago Journeymen Plumbers' Local Union*, 657 F.2d 890, 905 (7th Cir. 1981). *See also Kennedy*, 1993 WL 761979 at *6-7 (ruling that an individual defendant not named in the EEOC charge still had adequate notice where he was the president of the company, he committed at least some of the acts of sexual harassment, and he had the opportunity to participate in the EEOC proceedings). In this case, Manaster may not have been named in the EEOC charge, but he was certainly aware of the proceedings, and the exhibits to the complaint show that he actively participated in them. Moreover, his own conduct was that which gave rise to the claims of sexual harassment against Eagle.